## BOARD OF COMMISSIONERS OF ELKHART COUNTY v. WERKER.

[No. 14,668. Filed November 21, 1934. Rehearing denied February 15, 1935.]

*Orrin H. Markel, Thos. A. Davis, Church & Chester, Willis C. Nusbaum,* and *Philip Zoercher,* for appellant.

*Guy W. Dausman,* and *Harry E. Vernon,* for appellee.

Kime, J.—This appeal is from the circuit court of Elkhart county, Indiana, to which court the appellee had appealed from a disallowance, by the board of commissioners of Elkhart county, of a claim by appellee for a refund of taxes which appellee claimed were wrongfully assessed. The claim was filed by appellee, in the office of the auditor of said county, on May 6, 1929, and embraced taxes paid by appellee for each the state of Indiana, Elkhart county, Benton civil township and Benton school township of said county, in the years 1920, 1921, and 1922.

On August 23, 1919, the state board of tax commissioners, during its extended third session, ordered a horizontal increase in taxes, in the various townships in Elkhart county, Indiana, in which county is located Benton civil township, where real estate of appellee is located. Said order directed the auditor of said county to add the increased valuation to the tax duplicates, and such order was carried out.

Appellee paid the taxes, which included such increase, as they became due in May and November of each year for the years 1920, 1921, and 1922, respectively.

Appellee's claim was disallowed by the board of commissioners

of said county and on July 1st, 1929, he appealed from said judgment to the circuit court of Elkhart county, Indiana, in which court he filed his supplemental complaint. Later he filed a reply to appellant's answer and this cause was submitted on stipulations. The court, thereupon, found that appellee recover county and state taxes, with interest thereon, and entered a judgment accordingly. At the same time he was denied a refund of taxes paid for township purposes.

Appellant's motion for new trial was overruled and this appeal followed. Causes assigned in the motion are that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

The question presented here, did appellee bring himself within the refund statute, is the same as presented in the case of *Board of Commissioners of Marion County* v. *Millikan et al.* (1934), 207 Ind. 142, 190 N. E. 185, and on authority of that case the judgment of the Elkhart circuit court is reversed and it is ordered to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.